Nicholas G. Sekas, Esq.
Attorney No.: 004531987
SEKAS LAW GROUP, LLC
530 Sylvan Avenue, Suite 201
Englewood Cliffs, NJ 07632
Telephone: (201) 816-1333
*Attorneys for Plaintiffs, Danielle Watson*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIELLE WATSON,<br><br>    Plaintiff,<br><br>v.<br><br>JONNATHAN PAUTA; PAUTA CONSTRUCTION; JOHN AND JANE DOES 1-10 (unknown individuals); and ABC CORPS. 1-10 (unknown entities),<br><br>    Defendants. | Civil Action No.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, DANIELLE WATSON, residing at 725 Joralemon Street, Apartment Unit 25, Township of Belleville, County of Essex and State of New Jersey 07109 by way of Complaint against the Defendants, JONNATHAN PAUTA; PAUTA CONSTRUCTION; JOHN AND JANE DOES 1-10 (unknown individuals); and ABC CORPS. 1-10 (unknown entities) above says:

## PARTIES

1. At all relevant times, Plaintiff DANIELLE WATSON, is an individual and resided at 725 Joralemon Street, Apartment Unit 25, Township of Belleville, County of Essex and State of New Jersey 07109 and was the owner and operator of a 2018 Acura automobile bearing New Jersey License Plate Number X42DMB.

1

2. At all relevant times, and upon information and belief, Defendant JONNATHAN PAUTA, is an individual and resided at 23 Coalpit Hill Road, City of Danbury, County of Fairfield and State of Connecticut 06810 and was the operator of a 2001 Chevrolet automobile bearing Connecticut License Plate Number 7357CY, operating such automobile as the agent, servant and/or employee and with the express and/or implied permission of Defendant PAUTA CONSTRUCTION.

3. At all relevant times, and upon information and belief, Defendant PAUTA CONSTRUCTION, is a corporation with an address of 23 Coalpit Hill Road, City of Danbury, County of Fairfield and State of Connecticut 06810 and was the owner of a 2001 Chevrolet automobile bearing Connecticut License Plate Number 7357CY, which was operated by Defendant JONNATHAN PAUTA as the agent, servant and/or employee and with the express and/or implied permission of Defendant PAUTA CONSTRUCTION.

4. At all relevant times herein Defendants JOHN AND JANE DOES 1-10 and ABC CORPS. 1-10 are fictitious names of unknown individuals and entities who are otherwise responsible to Plaintiff for his injuries.

## JURISDICTION AND VENUE

1. The United States District Court for the District of New Jersey has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties to this action are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

2. Venue is appropriate in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the District.

## FIRST COUNT
## DEFENDANT JONNATHAN PAUTA

5. On or about November 10, 2017, Plaintiff DANIELLE WATSON was the owner and driver of a 2018 Acura automobile bearing New Jersey License Plate Number X42DMB and was travelling south bound on the Garden State Parkway in Saddle Brook, New Jersey.

6. Plaintiff DANIELLE WATSON was driving the aforementioned vehicle when, suddenly and without warning, a vehicle later found to have been driven by Defendant JONNATHAN PAUTA and owned by Defendant PAUTA CONSTRUCTION, severely and abruptly collided with the rear of Plaintiff's vehicle.

7. At the aforesaid time and place, Defendant JONNATHAN PAUTA was the operator of a 2001 Chevrolet automobile bearing Connecticut License Plate Number 7357CY also travelling south bound on the Garden State Parkway in Saddle Brooke, New Jersey, and was operating said vehicle as the agent, servant and/or employee and with the express and/or implied permission of Defendant PAUTA CONSTRUCTION in such an inattentive, careless, reckless, and negligent manner so as to collide with the vehicle operated by the Plaintiff DANIELLE WATSON, thereby causing the Plaintiff DANIELLE WATSON to sustain severe personal injuries.

8. Defendant JONNATHAN PAUTA had a duty to make proper observations while operating his vehicle; maintain proper control of his vehicle; maintain proper distance between his vehicle and other vehicles; travel at a safe speed limit; and otherwise operate his vehicle in a safe and proper manner.

9. Defendant JONNATHAN PAUTA breached these duties of care to Plaintiff by; (a) failing to make proper observation; (b) failing to keep the vehicle he was operating under proper control; (c) failing to stop before crashing into the vehicle in which Plaintiff DANIELLE WATSON was a passenger; (d) failing to maintain proper distance between the vehicle he was operating and the

vehicle containing the Plaintiff, (e) failing to operate his vehicle at a safe speed limit; and (f) otherwise operated his vehicle in an unsafe manner causing the aforementioned collision to occur.

10. As a direct and proximate result of the negligence of Defendant JONNATHAN PAUTA, as aforesaid, Plaintiff DANIELLE WATSON suffered personal injuries, which are permanent injuries and have caused her severe pain and suffering. These injuries necessitated medical treatment, which has caused great pain and suffering, incapacitated her from pursuing and conducting her day to day routine activities, and have left her with permanent disabilities that will in the future similarly incapacitate her, cause her great pain and suffering, cause her to incur medical bills, and cause her to require medical treatment and surgery.

11. As a direct and proximate result of the aforesaid negligence, recklessness, and carelessness of Defendant JONNATHAN PAUTA, Plaintiff DANIELLE WATSON sustained bodily injuries which resulted in significant injury; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities.

12. The injuries and damages suffered by the Plaintiff as aforesaid are personal injuries either exempt from or meet the requirements of one or more of the categories set forth in N.J.S.A. § 39:6A-8(a), if said Statute is applicable to Plaintiff's cause of action as set forth in this Complaint.

**WHEREFORE**, Plaintiff DANIELLE WATSON demands judgment against Defendants, JONNATHAN PAUTA; PAUTA CONSTRUCTION; JOHN AND JANE DOES 1-10 (unknown individuals); and ABC CORPS 1-10 (unknown entities) individually and jointly, in the amount of her damages, together with attorney's fees, interests, costs of suit, and any other relief this Court deems just and equitable.

## SECOND COUNT
## DEFENDANT PAUTA CONSTRUCTION

13.    Plaintiff repeats each and every allegation of all previous counts of this Complaint as if set forth at length herein verbatim.

14.    Defendant JONNATHAN PAUTA had a duty to make proper observations while operating his vehicle; maintain proper control of his vehicle; maintain proper distance between his vehicle and other vehicles and objects; travel at a safe speed limit; and otherwise operate his vehicle in a safe and proper manner.

15.    At the aforesaid time and place, Defendant JONNATHAN PAUTA was the operator of a vehicle owned by Defendant PAUTA CONSTRUCTION, which vehicle he operated as an agent, servant and/or employee, with express and/or implied permission of Defendant PAUTA CONSTRUCTION, and which vehicle was operated in such an inattentive, careless, reckless, and negligent manner so collide with the rear of the vehicle operated by Plaintiff, thereby causing the Plaintiff to sustain severe personal injuries; the aforesaid inattentiveness, carelessness, recklessness, and negligence is thereby imputed to Defendant-owner PAUTA CONSTRUCTION.

16.    As a direct and proximate result of the aforesaid inattentiveness, carelessness, recklessness, and negligence of Defendant JONNATHAN PAUTA, Plaintiff DANIELLE WATSON, was injured in and about her mind and body; was and will in the future be caused great pain and suffering to her mind and body; was and will in the future be obliged to expand great sum of money for medical aid and attention; has sustained economic loss; and incapacitated her from conducting her day to day routine activities and was further damaged.

17.    The negligence of Defendant JONNATHAN PAUTA, as aforesaid, in causing the collision as alleged herein and the resulting injuries to the Plaintiff DANIELLE WATSON is imputed to Defendant-owner, PAUTA CONSTRUCTION by virtue of Defendant JONNATHAN PAUTA

acting as an authorized driver, employee, agent or independent contractor of Defendant-owner, PAUTA CONSTRUCTION.

18. The injuries and damages suffered by the Plaintiff as aforesaid are personal injuries either exempt from or meet the requirements of one or more of the categories set forth in N.J.S.A 39:6A-8(a), if said Statute is applicable to Plaintiff's cause of action as set forth in this Complaint.

**WHEREFORE**, Plaintiff DANIELLE WATSON demands judgment against Defendants, JONNATHAN PAUTA; PAUTA CONSTRUCTION; JOHN AND JANE DOES 1-10 (unknown individuals); and ABC CORPS 1-10 (unknown entities) individually and jointly, in the amount of her damages, together with attorney's fees, interests, costs of suit, and any other relief this Court deems just and equitable.

**THIRD COUNT**
**DEFENDANTS JOHN AND JANE DOES 1-10 (unknown individuals) and ABC CORPS 1-10 (unknown entities)**

19. Plaintiff repeats each and every allegation of all previous counts of the Complaint as if set forth at length herein verbatim.

20. At the aforesaid time and place, Defendants, JOHN AND JANE DOES 1-10 was/were unknown person or persons whose actions caused and/or contributed, directly or indirectly, to the accident herein and the injuries and damages suffered by the Plaintiff DANIELLE WATSON.

21. At the aforesaid time and place, Defendants ABC CORPS 1-10 was/were an unknown business, corporation and/or entity, whose agents, servants and/or employees actions caused and/or contributed, directly or indirectly, to the accident herein and the injuries and damages suffered by Plaintiff DANIELLE WATSON.

22. Defendants JOHN AND JANE DOES 1-10 and ABC CORPS. 1-10 had a duty to make proper observations while operating his/her/its vehicle; maintain proper control of his/her/its vehicle;

maintain proper distance between his/her/its vehicle and other vehicles; travel at a safe speed limit; and otherwise operate his/her/its vehicle in a safe and proper manner.

23. Defendants JOHN AND JANE DOES 1-10 and ABC CORPS. 1-10 breached these duties of care to Plaintiff by; (a) failing to make proper observation; (b) failing to keep the vehicle he/she/it was operating under proper control; (c) failing to stop before crashing into the vehicle in which Plaintiff DANIELLE WATSON was a passenger; (d) failing to maintain proper distance between the vehicle he/she/it was operating and the vehicle containing the Plaintiff, (e) failing to operate his/her/its vehicle at a safe speed limit; and (f) otherwise operated his/her/its vehicle in an unsafe manner causing the aforementioned collision to occur.

24. As a direct and proximate result of the negligence of Defendants JOHN AND JANE DOES 1-10 and ABC CORPS. 1-10, as aforesaid, Plaintiff DANIELLE WATSON suffered personal injuries, which are permanent injuries and have caused his severe pain and suffering. These injuries necessitated medical treatment, which has caused great pain and suffering, incapacitated him from pursuing and conducting his day to day routine activities, and have left him with permanent disabilities that will in the future similarly incapacitate him, cause him great pain and suffering, cause him to incur medical bills, and cause him to require medical treatment and surgery.

25. The injuries and damages suffered by the Plaintiff as aforesaid are personal injuries either exempt from or meet the requirements of one or more of the categories set forth in N.J.S.A. § 39:6A-8(a), if said Statute is applicable to Plaintiff's cause of action as set forth in this Complaint.

**WHEREFORE**, Plaintiff DANIELLE WATSON demands judgment against Defendants, JONNATHAN PAUTA; PAUTA CONSTRUCTION; JOHN AND JANE DOES 1-10 (unknown individuals); and ABC CORPS 1-10 (unknown entities) individually and jointly, in the amount of her damages, together with attorney's fees, interests, costs of suit, and any other relief this Court deems just and equitable.

                                                **SEKAS LAW GROUP, LLC**
                                                *Attorneys for Plaintiff, Danielle Watson*

Dated: January 2, 2019              _____
                                                  Nicholas G. Sekas, Esq.
                                                  530 Sylvan Avenue, Suite 201
                                                  Englewood Cliffs, New Jersey 07632
                                                  (201) 816-1333

## **JURY DEMAND**

Plaintiff hereby asserts her right to a trial by jury and makes this demand for a jury trial.

                                                **SEKAS LAW GROUP, LLC**
                                                *Attorneys for Plaintiff, Danielle Watson*

Dated: January 2, 2019              _____
                                                  Nicholas G. Sekas, Esq.
                                                  530 Sylvan Avenue, Suite 201
                                                  Englewood Cliffs, New Jersey 07632
                                                  (201) 816-1333